UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DARREN A. LUNFORD, | Case No. 2:20-cv-01995-APG-DJA |
| Plaintiff, | ORDER |
| v. | |
| S. DAVIS, et al., | |
| Defendants. | |

This action began with a *pro se* civil rights complaint filed by Darren A. Lunford, a former state prisoner. On July 21, 2021, Magistrate Judge Albregts ordered Lunford to file his updated address and an application to proceed *in forma pauperis* by a non-prisoner within 30 days. ECF No. 3 at 2. The 30-day period has expired, and Lunford has not filed his updated address or otherwise responded to the order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424

(9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for such reasons, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and my interest in managing the docket) weigh in favor of dismissal. The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

Magistrate Judge Albregts' order requiring Lunford to file his updated address and an application to proceed *in forma pauperis* by a non-prisoner expressly stated that "if Plaintiff fails to timely comply with this order, this case will be subject to dismissal without prejudice." ECF No. 3 at 2. Thus, Lunford had adequate warning that dismissal would result from his noncompliance with the order.

I therefore order that this action is dismissed without prejudice based on Lunford's failure to file an updated address and an application to proceed *in forma pauperis* by a non-prisoner in compliance with Magistrate Judge Albregts' order.

I further order the Clerk of Court to enter judgment accordingly.

DATED THIS  7th day of September 2021.

_____
UNITED STATES DISTRICT JUDGE